UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KARA SASSER                                                  PLAINTIFF

v.                                     CIVIL ACTION NO. 2:14cv193-DPJ-FKB

JIMMY DALE LEE                                        DEFENDANT

ORDER

This action is before the Court on Plaintiff Kara Sasser's Motion for Default Judgment [4]. Because the Court concludes that the allegations of the Complaint [1], taken as true, fail to state a claim upon which relief can be granted, Sasser's Motion [4] is denied. In addition, Sasser's Complaint is dismissed without prejudice for failure to state a claim, but Sasser will be afforded an opportunity to amend her Complaint.

I.      Facts and Procedural History

On December 8, 2014, Sasser filed her Complaint [1] in this Court, alleging that Defendant Jimmy Dale Lee, her stepfather, "[o]ver a period of years, . . . set about a course of conduct which was wrongful, unjustified and unlawful thereby causing severe physical and mental harm to the Plaintiff." Compl. [1] ¶ 7. She seeks actual damages of $5 million dollars and punitive damages of $5 million dollars, in addition to attorney's fees and expenses, interest, and court costs. *Id.* ¶¶ 9–10. Subsequent to the filing of the Complaint, Sasser filed proof of service [3]. When Lee failed to answer the Complaint, Sasser sought and obtained the Clerk's Entry of Default [5, 6], and she now moves for entry of default judgment [4]. The Court is prepared to rule.

II.     Analysis

Pursuant to Federal Rule of Civil Procedure 55(b)(2), following a defendant's default and the Clerk's entry of default, this Court may enter a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact[ and] is concluded on those facts by the judgment . . . ." *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). But "[a] default judgment is unassailable on the merits . . . only so far as it is supported by well-pleaded allegations, assumed to be true." *Id.* "Put another way, 'a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.'" *Wooten v. McDonald Transit Assocs., Inc.*, 775 F.3d 689, 693 (5th Cir. 2015).

When a district court determines that the complaint is facially deficient, it "may . . . dismiss the complaint sua sponte under Rule 12(b)(6) without prejudice, allowing the plaintiff to amend and refile." *Wooten*, 775 F.3d at 703. Or it may conduct a hearing to "determine the amount of damages [and] establish the truth of any allegation by evidence," Fed. R. Civ. P. 55(b)(2), followed by amendment to the complaint with facts adduced at the hearing. *Wooten*, 775 F.3d at 703. Significantly, "a district court need not—and, in the interest of judicial economy, should not—hold a prove-up hearing when the complaint is facially deficient under the [Rule 12(b)(6) standard]." *Id.* at 703 n.14.

Having reviewed the Complaint, the Court concludes that Sasser's allegations fail to state a claim under Rule 12(b)(6). To properly state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

2

(2007). That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Sasser's only factual averment is that Lee "set about a course of conduct which was wrongful, unjustified and unlawful thereby causing severe physical and mental harm to the Plaintiff." Compl. [1] ¶ 7. These conclusory averments do not enjoy the assumption of truth. *Iqbal*, 556 U.S. at 680 (rejecting as conclusory plaintiff's averment that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest'" (alterations in original)). And they are likewise insufficient to enter default or even hold a prove-up hearing. *Wooten*, 775 F.3d at 703 (noting that a "bare conclusion of law" like "defendant drove 'negligently'" does not entitle plaintiffs to default judgment and "cannot be cured by testimony at a prove-up hearing"). Sasser's claims shed no light on the nature of Lee's alleged conduct, the legal cause(s) of action Sasser asserts, or any other circumstances surrounding the complained-of conduct—including when or where the event occurred. In this regard, it is not apparent that the Court can properly exercise personal jurisdiction. Finally, there is nothing before the Court supporting the $10 million requested damages.

As a result, Sasser's Complaint is dismissed without prejudice for failure to state a claim. Sasser is granted an opportunity to file a motion for leave to amend, with an attached proposed amended complaint, within fourteen (14) days of the entry of this Order. Lee will then receive an opportunity to answer the amended complaint in accordance with the time allowed by the Federal Rules of Civil Procedure. *Cf. id.* at 703–04. Failure to file a motion for leave to amend may result in the dismissal of this action.

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE